June Pryor **AVANCE**, et al., Plaintiffs,

v.

**KERR–MCGEE CHEMICAL LLC,** Defendant.

**No. 5:04CV209.**

United States District Court,
E.D. Texas,
Texarkana Division.

June 12, 2006.

Gary A. Lee, John Maurice Futrell, Richard M. Perles, Lee Futrell & Perles LLP, New Orleans, LA, Glenn C. McGovern, Lynn

Eric Williams, Jr., Lynn Eric Wiliams Jr. APLC, Metairie, LA, Paul Wisdom Turner, Bruce Andrew Craig, D. Scott Carlile, David Cornelius Carlile, The Carlile Law Firm LLP, Marshall, TX, for Plaintiffs.

Anna Sikes Hornsby, John M. Johnson, Lana K. Alcorn, Philip M. Bridwell, William S. Cox, III, Lightfoot Franklin & White, Birmingham, AL, Kristie Ann Wright, Jennifer Haltom Doan, Haltom and Doan LLP, Texarkana, TX, for Defendant.

### ORDER

CRAVEN, United States Magistrate Judge.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Defendant's Motion for Separate Trials (Docket Entry # 376), Plaintiffs' Motion to Name Trial Groups (Docket Entry # 379), Plaintiffs' Motion to Amend the Scheduling Order to Set New Deadlines for the Completion of Briefing on Pending Motions (Docket Entry # 596) were referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing and hearing arguments of counsel,[1] issues the following Order.

### BACKGROUND

On September 9, 2004, June Pryor Avance and numerous other plaintiffs ("Plaintiffs") filed this lawsuit against Kerr–McGee Chemical LLC ("Defendant"), seeking damages caused by their alleged exposure from 1960 to 2004 to Defendant's creosote and pentachlorophenol. Currently, the case is scheduled for jury selection on September 5, 2006.

### THE PARTIES' POSITIONS

#### Defendant's Motion for Separate Trials

On April 24, 2006, Defendant filed its current motion. Pursuant to Rules 20, 21 and 42 of the Federal Rules of Civil Procedure, Defendant moves for separate trials of the individual plaintiff's claims in this case. According to Defendant, each of the 32 or 33 individual plaintiffs[2] raise highly particularized claims about his or her alleged exposure and claimed injuries, ranging from asthma and benign rectal polyps to various forms of cancer, cerebral palsy, and endometriosis. Defendant asserts individual trials will prevent confusion to the jury, inefficiency, and prejudice. Defendant points out it has moved to exclude certain expert testimony as to one plaintiff but not to another which, according to Defendant, could cause confusion if the Court grants some or all of Defendant's motions and Plaintiffs are tried together.

#### Plaintiffs' Motion for Trial Groups

On April 25, 2006, Plaintiffs filed a Motion to Name Trial Group, requesting the Court name a trial group consisting of five plaintiffs, all of whom resided at 3101 Cottonwood and each of whom allegedly suffer from various forms of cancer, birth defects, or other serious disorders. They all resided at the same home which, according to air modeling, had the highest exposure. Plaintiffs assert the jury deserves to see the complete environment history of the house. Plaintiffs at least think families should be able to try their claims together.

Defendant asserts each of the five plaintiffs picked by Plaintiffs' counsel as the initial trial group are asserting different injuries, different routes and duration of exposures, different fact witnesses, and different treating physicians, and Defendant has different defenses for each plaintiff, taking into account their respective medical histories. Defendant maintains the only common denominator in the proposed trial group is the address on Cottonwood street. For these reasons, and others, Defendant insists the proposed trial group will result in jury confusion.

---

1. The Court conducted a hearing on the motions on June 6, 2006.

2. Plaintiffs assert there are 32 named plaintiffs (Docket Entry # 379). Defendants assert there are 33 individual plaintiffs (Docket Entry # 376).

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 20(a), plaintiffs cannot join their claims in a single action based simply on a common question of law or fact. Rather, plaintiffs must also show that their claims arise out of the same transaction or occurrence or series of transactions or occurrences. FED. R. CIV. P. 20(a). Where plaintiffs' claims are misjoined, Rule 21 requires that the claims be severed into separate actions.

■ Additionally, both Federal Rule of Civil Procedure 20(b) and 42(b) allow for separate trials for (a) the purposes of economy and efficiency, and (b) to further justice or avoid prejudice. *See* FED. R. CIV. P. 20(b), 42(b). The Court has broad discretion under these rules to evaluate and separate parties or claims. *S. Ry. Co. v. Tenn. Valley Auth.*, 294 F.2d 491, 494 (5th Cir.1961)("Essentially, the question is one that seems to depend on the facts of each case, a matter to be determined by the trial judge exercising a sound discretion."); *Gwathmey v. United States*, 215 F.2d 148, 153 (5th Cir.1954) ("[T]he law very wisely allows the trial judge a broad discretion as to methods which shall be used in accomplishing the best results . . . .").

## DISCUSSION

■ The Court, having carefully considered the submissions of the parties and hearing arguments of counsel, is of the opinion Plaintiffs' Motion to Name Trial Groups should be granted and Defendant's Motion for Separate Trials should be denied. The Court finds convincing Plaintiffs' arguments for an initial trial group including June Avance, Clyde Russel Pryor, Peggy Veal, Bart Veal, and Britt Veal, all of whom resided at 3101 Cottonwood at some point in time and each of whom allegedly suffer from various forms of cancer, birth defects, or other serious disorders. The Court declines to limit the trials to individual plaintiffs, as requested by Defendant, as this would not allow Plaintiffs' counsel the opportunity to present a full and fair picture of their case to the jury.

As urged by Plaintiffs, in order for the entire story to be told to the jury, all of the residents of 3101 Cottonwood, past and present, need to be included in one trial. Moreover, all plaintiffs who are members of the same family should have their claims tried together. The Court is not convinced the trial group will necessarily result in juror confusion. For these reasons, the Court designates a trial group consisting of June Avance, Clyde Russell Pryor,[3] Peggy Veal, Bart Veal, and Britt Veal. The trial is currently scheduled before the Honorable David Folsom in September of 2006.

Additionally, Plaintiffs have moved to amend the scheduling order to set new deadlines for the completion of briefing on pending motions. In their motion, Plaintiffs request they be allowed to file, no later than August 1, 2006, their sur-replies on the following motions: (1) the motions for summary judgment and motions to strike evidence on the plaintiffs going to trial in September; (2) Defendant's Motion for Summary Judgment as to the Diagnosed Plaintiffs (Docket Entry # 292); (3) Defendant's Dose Motion (Docket Entry # 313); and (4) Defendant's *Daubert* Motions on Mitchell/Templet, Reigart, Farber, Gardner, and Solansky. Plaintiffs also request until August 1 to file their replies to their own *Daubert* motions relevant to the September plaintiffs, their reply in support of their Motion for Partial Summary Judgment seeking a determination that Coal Tar Creosote is Capable of Causing Human Cancers (Docket Entry # 307), and their response to Defendant's motion to strike evidence from that motion. Regarding the remaining motions, Plaintiffs request the Court "hold in abeyance the briefing on motions pertaining to plaintiffs and experts not involved in the September trial until their trial dates are ascertained."[4]

The Court will allow an extension of deadlines to complete the voluminous briefing in

---

**3.** Clyde Pryor (deceased) and June Pryor (now June Avance) purchased the residence at 3101 Cottonwood from the Veals in 1970. Ms. Avance still resided in the residence.

**4.** Plaintiffs' reply at pg. 1.

this matter. However, the Court agrees with Defendant that the requested extensions by Plaintiffs are too lengthy. Therefore, for the guidance of the parties, the Court establishes the following scheduling order for the completion of briefing on pending motions as well as the scheduling of a two-day *Daubert* hearing.

To the extent they have not already done so, on or before July 14, 2006, Plaintiffs shall file any sur-replies to the following motions which the Court finds relevant, in whole or in part, to the September trial group: (1) Defendant's Motion for Summary Judgment for Failure to Prove Dose (Docket Entry # 313); (2) Motion for Summary Judgment as to Wrongful Death Claims (Docket Entry # 236); (3) Motion for Summary Judgment as to Diagnosed Plaintiffs (Docket Entry # 292); (4) Defendant's Motion to Partially Exclude Testimony and for Summary Judgment as to the Claims of Britt and Bart Veal (Docket Entry # 276); (5) Defendant's Motion to Exclude Expert Testimony of Dr. Farber and Dr. Gardner and for Summary Judgment as to the Claims of Plaintiff June Avance (Docket Entry # 271); (6) Defendant's Motion to Partially Exclude Testimony and Motion for Summary Judgment as to the Claims of Clyde Russell Pryor (Docket Entry # 298); (7) Defendant's Motion to Exclude Expert Testimony and for Summary Judgment as to the Claims of Plaintiff Peggy Veal (Docket Entry # 299); (8) Defendant's Motion to Exclude Testimony of Plaintiffs' Fate and Transport Experts Templet and Mitchell (Docket Entry # 280); (9) Defendant's Motion to Exclude the Testimony of Plaintiffs' Statistician Dr. Tumulesh Solansky (Docket Entry # 308); (10) Defendant's Motion to Exclude the Testimony of Plaintiffs' Oncologist Dr. Frank Gardner (Docket Entry # 331); (11) KMC's Motion to Exclude the Testimony of Theodore Farber (Docket Entry # 332); and (12) Defendant Kerr–McGee Chemical LLC's Motion to Exclude Expert Testimony of J. Routt Reigart (Docket Entry # 347).

To the extent they have not already done so, on or before July 14, 2006, Plaintiffs shall file any replies to the following motions which the Court finds relevant, in whole or in part, to the September trial group: (1) Plaintiffs' Motion for Partial Summary Judgment Seeking a Determination that Coal Tar Creosote is Capable of Causing Human Cancers (Docket Entry # 307); (2) Plaintiffs' Motion for Partial Summary Judgment and Supporting Brief as to the Chemical Composition of Creosote (Docket Entry # 283); (3) Plaintiffs' Motion to Strike Robert H. Murray's Expert Report and to Strike Mr. Murray as a Defense Expert (Docket Entry # 245); (4) Plaintiffs' Motion to Strike Designated Defense Experts (Docket Entry # 227); (5) Plaintiffs' Motion to Exclude All or Part of Testimony of Charles Poole (Docket Entry # 556); (6) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative Fate and Transportation Expert Dr. Paul Kuhlmeier (Docket Entry # 558); (7) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative DNA Toxicology Expert Dr. Gary Williams (Docket Entry 564); (8) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative Toxicology Expert Dr. Gary Krieger (Docket Entry 565); (9) Plaintiffs' Motion to Exclude All or Part of Testimony of Defendant's Expert Dr. Warren Thompson (Docket Entry 566); (10) Plaintiffs' Motion to Exclude Testimony of Dr. Albert LoBuglio (Docket Entry 570); (11) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative Air Modeling Expert Mr. Gale Hoffnagle (Docket Entry 571); (12) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative DNA Toxicology Expert Dr. Gary Williams (Docket Entry 572); (13) Plaintiffs' Motion to Exclude Testimony of Defendant's Putative Aerial Photography Expert Mr. Wayne Grip (Docket Entry # 573);

To the extent they have not already done so, on or before July 14, 2006, Plaintiffs shall file responses to the following motions which the Court finds relevant, in whole or in part, to the September trial group: (1) Defendant's Motion to Strike and Remove from the Record Exhibits C through J to Plaintiffs' Motion for Partial Summary Judgment as to Causation (Docket Entry # 485); (2) KMC's Motion to Strike Untimely Affidavit of Dr. Solansky (Docket Entry # 650); (3) KMC's Motion to Strike and Remove from the Record Exhibits N, P, Q, and R to Plaintiffs' Opposition (Dkt. No. 403) to Motion to Ex-

clude Expert Testimony and for Summary Judgment as to Britt and Bart Veal (Docket Entry #572); (4) KMC's Motion to Strike and Remove from the Record Certain Exhibits Attached to Plaintiffs' Opposition to KMC's Motion for Summary Judgment as to June Avance (Docket Entry #586); (5) KMC's Motion to Strike and Remove from the Record Certain Exhibits Attached to Plaintiffs' Opposition to Summary Judgment as to Peggy Veal (Docket Entry #616); (6) KMC's Motion to Strike and Remove from the Record Certain Exhibits Attached to Plaintiffs' Opposition to Summary Judgment as to Clyde Pryor (Docket Entry #620); and (7) KMC's Motion to Strike Plaintiffs' First Amended and Supplemental Trial Witness List (Docket Entry #680).

The Court denies Plaintiffs' request to indefinitely hold in abeyance the briefing on motions pertaining to plaintiffs and experts not involved in the September trial until their trial dates are ascertained. To the extent they have not already done so, within fifteen days from the date of entry of this Order, Plaintiffs shall file responses to the following motions: (1) Defendant's Motion for Summary Judgment as to All Claims by Annie Patterson (Docket Entry #237); (2) Defendant's Motion to Exclude Testimony and for Summary Judgment as to Annie Patterson (Docket Entry #315); (3) Kerr–McGee Chemical LLC's Motion to Partially Exclude Testimony of Dr. Theodore Farber and Motion for Summary Judgment as to the Claims of Ayla Cheek (Docket Entry #204); (4) Kerr–McGee Chemical LLC's Motion to Partially Exclude Testimony of Dr. Theodore Farber and Motion for Summary Judgment as to the Claims of Trevor Lynn (Docket Entry #232); (5) Kerr–McGee Chemical LLC's Motion to Partially Exclude Testimony of Drs. Theodore Farber and Routt Reigart and Motion for Summary Judgment as to the Claims of Ross Stephens (Docket Entry #260); and (6) Defendant's Motion to Exclude Testimony of Dr. Farber and Dr. Gardner on Causation Relating to Plaintiff Maurice Markle and Motion for Summary Judgment as to his Claims (Docket Entry #238). Plaintiffs shall file whatever remaining briefs to Defendant's other pending motions and Plaintiffs' other motions, if any, on or before August 18, 2006.

In addition, the Court hereby schedules a *Daubert* hearing before the undersigned at **9:00 a.m.** on July 27 and 28, 2006 at the United States District Court, 500 N. Stateline, Fourth Floor Courtroom, Texarkana Texas. The Court will consider both sides' motions to exclude testimony of experts as well as the pertinent motions to strike filed by Defendant. The Court will schedule hearings on the remaining aforementioned pending motions only if the Court feels hearings will aid in the resolution of the motions. Accordingly, it is

**ORDERED** that Defendant's Motion for Separate Trials (Docket Entry #376) is hereby **DENIED**. It is further

**ORDERED** that Plaintiffs' Motion to Name Trial Groups (Docket Entry #379) is hereby **GRANTED**. The Court designates a trial group consisting of June Avance, Clyde Russell Pryor, Peggy Veal, Bart Veal, and Britt Veal with trial scheduled before the Honorable David Folsom in September of 2006. It is further

**ORDERED** that Plaintiffs' Motion to Amend the Scheduling Order to Set New Deadlines for the Completion of Briefing on Pending Motions (Docket Entry #596) is hereby **GRANTED AS MODIFIED**. It is further

**ORDERED** that a *Daubert* hearing in the above-referenced cause of action is hereby scheduled before Caroline M. Craven, United States Magistrate Judge, at **9:00 a.m.** on July 27 and 28, 2006 at the United States District Court, 500 N. Stateline, Fourth Floor Courtroom, Texarkana Texas.